The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) GUSTAVO SANDOVAL-AGURCIA,<br>(2) ELIAS NEFTALI MONTES-SEVILLA,<br>(3) JORGE URIEL ESQUIVEL-MENA,<br>(4) FRANCISCO JAVIER ESQUIVEL-MENA,<br>(5) BALDEMAR MARTINEZ-RICO, and<br>(6) WILMER GALINDO-MARADIAGA,<br><br>Defendants. | NO.   CR20-094 RSM<br><br>ORDER |

The Court issues this order after holding a status conference with all parties on September 28, 2020, concerning the scheduling of a new trial date.

The Court held this hearing telephonically given the circumstances of the COVID-19 pandemic. Four defendants (Sandoval-Agurcia, Montes-Sevilla, Martinez-Rico, and Galindo-Maradiaga), are currently incarcerated at FDC Seatac and attended the hearing via telephone. Two defendants (Jorge Esquivel-Mena and Francisco Esquivel-Mena) are currently in-transit from other jurisdictions and did not attend the hearing, but were represented by counsel at the hearing.

//

Order - 1
*U.S. v. Sandoval-Agurcia et al.*, CR20-094 RSM

1    Trial is currently scheduled for October 13, 2020. The respective position of counsel
2 for the defendants regarding the continuation of the trial date is as follows:
3    Counsel David Hammerstad, representing Mr. Sandoval-Agurcia, indicated that a
4 continuance was necessary in order to prepare for trial but that his client would not be
5 signing a speedy trial waiver. Counsel Todd Maybrown, representing Mr. Montes-Sevilla,
6 indicated that a continuance was necessary in order to prepare for trial but that his client
7 would not be signing a speedy trial waiver. Counsel Peter Geisness, representing Mr. Jorge
8 Esquivel-Mena, indicated that a continuance was necessary in order to prepare for trial but
9 that his client would not be signing a speedy trial waiver. Counsel Lynn Hartfield,
10 representing Mr. Francisco Esquivel-Mena, indicated that she had only just been appointed
11 to the case, had not yet spoken with her client, and would therefore defer to the Court in
12 regard to any continuance but reserved the right to object to a continuance after speaking
13 with her client. Counsel Michael Martin, representing Mr. Martinez-Rico, indicated that a
14 continuance was necessary in order to prepare for trial but that his client would not be
15 signing a speedy trial waiver. Mr. Martin noted that he faced particular difficulties in
16 preparing for trial given that his client was illiterate and required assistance in reviewing
17 discovery. Counsel Thomas Coe representing Mr. Galindo-Maradiaga indicated that a
18 continuance was necessary in order to prepare for trial and his client was prepared to waive
19 speedy trial through at least May of 2021.
20    All defense counsel generally preferred a continuance to May 2021 (as opposed to
21 September 2021), but reserved the right to request a further continuance of the trial date if
22 they deemed it necessary to do so.
23    The government indicated that it did not oppose a continuance and was prepared to try
24 the case on any date, up to and including May of 2021.
25    Having considered the proposed requests for a continuance, any responses and
26 objections, and all the files and records herein, the Court finds and rules as follows:
27    The facts supporting continuing the trial and excluding the consequent delay include
28 the following: (a) the large number of defendants charged; (b) the large number of charged

counts; (c) the number of related indictments and related defendants; (d) the nature of the prosecution, which includes wiretaps over multiple phone lines; (e) the significant sentences faced by all of the defendants as currently charged, (e) the volume of discovery which has resulted in the appointment of a discovery coordinator at the request of the defendants, and (g) the need for defense counsel to have an appropriate period to review discovery, consult with their clients, and prepare a defense. In this regard, the Court adopts the facts set forth in the Government's Status Memorandum (Dkt. 75), and which were not contested by any defendant.

Additional facts supporting continuing the trial and excluding the consequent delay include the following: (a) given the COVID-19 pandemic the Court is currently closed, no jury trials are being held, and it is unlikely it will be possible that a case of this size will be tried in the immediate future, (b) the difficulties that the COVID-19 pandemic has imposed on counsel in consulting with their clients, especially those who are incarcerated, and (c) the fact that the COVID-19 pandemic has delayed certain defendants from being transported to this District. In this regard, the Court adopts the facts set forth in in its General Orders, which are incorporated by this reference, issued since the inception of the pandemic.

THIS COURT FINDS, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii) that this case is sufficiently unusual and complex, due the combination of the number of defendants and the nature of the prosecution, and that the COVID-19 pandemic will adversely impact the counsels' ability to effectively consult with their clients and prepare for trial, and that the COVID-19 pandemic will prevent the Court from holding a multi-defendant trial in the immediate future, such that it is unreasonable to expect adequate preparation by the parties for pretrial proceedings or for the trial itself by the current trial date, or for the immediate future.

THE COURT THEREFORE FINDS that failure to grant the continuance in this case would likely make the continuation of these related proceedings impossible and result in a miscarriage of justice, because failing to continue this matter for a considerable period of time would deny counsel for the parties the reasonable time necessary for effective

1  preparation, due to defense counsels' need for more time to review the considerable volume
2  of discovery and evidence produced, and still to be produced, and to consider possible
3  defenses and motions, taking into account the exercise of due diligence.

4  THE COURT FINDS, in light of these factors, that it is unlikely that the parties can
5  be reasonably ready to try this matter before May 17, 2021, at the earliest.

6  THIS COURT FINDS, pursuant to Title 18, United States Code, Section 3161(h)(6)
7  and (7), that this is a reasonable period of delay in that the majority of the defendants have
8  indicated they require more time to prepare for trial. The Court finds that given the
9  complexity of the case, the number of defendants, and the volume of discovery produced,
10 and still to be produced, that more time is, in fact, necessary.

11 THIS COURT FINDS, therefore, that pursuant to Title 18, United States Code,
12 Sections 3161(h)(6) and 3161(h)(7), the ends of justice will best be served by a continuance,
13 and that they outweigh the interests of the public and the defendants in a speedy trial. While
14 three defendants have indicated that they object to a lengthier continuance, even they admit
15 that some continuance is likely necessary and appropriate.

16 THIS COURT FURTHER FINDS that all of the additional time requested between
17 the current trial date of and the new trial date of May 17, 2021, is necessary to provide
18 counsel for the defendants the reasonable time necessary to prepare for trial.

19 THE COURT FURTHER FINDS that any objections of defendants who were not
20 prepared to waive speedy trial to a continuance are hereby overruled. Defendants in these
21 related cases are alleged to have conspired together.  All of the related cases arise out of a
22 common investigation, including common wiretap applications and a common search
23 warrant application. It is well established that in multi-defendant cases, a reasonable trial
24 continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-
25 defendants, even those who object to a trial continuance or who refuse to submit a waiver
26 under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(6).

27 NOW, THEREFORE, IT IS HEREBY ORDERED that the trial date will be
28 continued as to all Defendants until May 17, 2021 at 9:00 a.m.

Order - 4
*U.S. v. Sandoval-Agurcia et al.*, CR20-094 RSM

IT IS HEREBY ORDERED that stipulating defendants who are prepared to file speedy trial waivers shall do so as soon as reasonable possible in light of the COVID-19 pandemic, to the extent they have not already done so.

IT IS FURTHER ORDERED that the time between this date and the new trial date is excluded in computing the time within which a trial must be held pursuant to Title 18, United States Code, Section 3161, et seq.

IT IS HEREBY ORDERED, that the parties are directed to confer and present a proposed pretrial motions deadline, and other related trial deadlines, as they deem appropriate, to the Court no later than November 13, 2020.

DATED this 30th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:
BRIAN T. MORAN
United States Attorney

/s/ Stephen Hobbs
STEPHEN HOBBS
BENJAMIN DIGGS
Assistant United States Attorneys